UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES T.,

                Plaintiff,                          **DECISION AND ORDER**

     v.
                                                        1:23-CV-00870 EAW
COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

_____


## <u>INTRODUCTION</u>

Represented by counsel, Plaintiff James T. ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are Plaintiff's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 12), the Commissioner's motion to remand the case for further administrative proceedings (Dkt. 15), and Plaintiff's reply opposing remand for further administrative proceedings and advocating for remand solely for the calculation and payment of benefits (Dkt. 16). For the reasons explained below, Plaintiff's motion (Dkt. 12) is granted and the matter is remanded for calculation and payment of benefits, and the Commissioner's motion (Dkt. 15) is denied.

## BACKGROUND

Plaintiff protectively filed his applications for DIB and SSI on February 2, 2017. (Dkt. 5 at 149).[1]  In his applications, Plaintiff alleged disability beginning on January 15, 2013, due to herniated discs requiring surgery, severe back pain that radiated down his leg, post-traumatic stress disorder, anxiety, bipolar disorder, depression, heel spur on the right Achilles tendon, severe heel pain, and bilateral carpal tunnel syndrome.  (*Id.* at 150-51). Plaintiff's applications were initially denied on May 24, 2017.  (*Id*. at 184-95).  A hearing was held before administrative law judge ("ALJ") Stephan Bell in Buffalo, New York, on February 26, 2019.  (*Id*. at 75-121).  On March 14, 2019, the ALJ issued an unfavorable decision.  (Dkt. 6 at 468-84).  Plaintiff requested Appeals Council review; his request was denied on March 31, 2020.  (Dkt. 5 at 9-14).

Thereafter, Plaintiff appealed the Commissioner's determination to the United States District Court for the Western District of New York, and by Decision and Order dated September 27, 2021, the Hon. Michael J. Roemer, United States Magistrate Judge, remanded the case for further administrative proceedings.  (Dkt. 6 at 498-510).  The ALJ held a second hearing on April 10, 2023.  (*Id*. at 433-64).  The ALJ issued a partially favorable decision on May 2, 2023.  (*Id*. at 404-21).  This action followed.

---

[1]    When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

# LEGAL STANDARD

## I.    District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.    Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in

substantial gainful work activity.  *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id*. §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id*. §§ 404.1520(d), 416.920(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id*. §§ 404.1509, 416.909, the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work.  *Id*. §§ 404.1520(f), 416.920(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  *Id*. §§ 404.1520(g), 416.920(g).  To do so, the Commissioner must present evidence to

- 4 -

demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

## I.    The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff last met the insured status requirements of the Act on December 31, 2015. (Dkt. 6 at 411). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since January 15, 2013, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: "degenerative disc disease of the lumbar spine with status post discectomy, fusion and revision residuals, degenerative disc disease of the cervical spine status post C4-7 anterior cervical discectomy with fusion, right Achilles calcific insertion tendinosis and status post revision surgery, bilateral carpal tunnel syndrome with status post release and revision on the right, asthma, morbid obesity, chronic pain syndrome, major depressive disorder, generalized anxiety disorder/social anxiety disorder and an adjustment disorder with alcohol, cannabis and cocaine abuse conditions in the past and presently in sustained remission." (*Id.*). The ALJ further found that Plaintiff's medically determinable impairments of diabetes mellitus, cholesterol problems, hypertension, and gastroesophageal reflux disease were non-severe. (*Id.*).

- 5 -

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 412). The ALJ particularly considered the criteria of Listings 1.02, 1.03, 1.04A-C, 3.03, 11.14, 14.09, 12.04, and 12.06 in reaching his conclusion. (*Id.* at 412-13).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except:

> he can lift and/or carry less than 10 pounds frequently and 10 pounds occasionally; sitting for 6-hours, standing for 2-hours and walking for 2-hours; push and/or pull as much as can lift and/or carry; he can handle and finger items frequently with the left hand, and the right hand; The claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, crawl occasionally; the claimant can never work at unprotected heights, never around moving mechanical parts, and never operate a motor vehicle. He can work in dust, odors, fumes and pulmonary irritants occasionally, and never work in vibration; He is able to perform simple, routine and repetitive tasks and is able to perform simple work-related decisions; He can occasionally interact with supervisors and coworkers. He can never interact with the public.

(*Id.* at 413). At step four, the ALJ found that since January 15, 2013, Plaintiff has been unable to perform any past relevant work. (*Id.* at 419).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, prior to March 22, 2021—the date on which Plaintiff's age category changed to an "individual closely approaching advanced age"—considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of document preparer, addresser, and surveillance system monitor. (*Id.* at 419-20). However, beginning on March 22, 2021, considering Plaintiff's age, education, work

experience, and RFC, there were no jobs existing in significant numbers in the national economy that Plaintiff could perform.  (*Id*. at 420).  Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act prior to March 22, 2021, nor was he disabled at any time through his date last insured of December 31, 2015, but that Plaintiff became disabled on March 22, 2021.  (*Id.* at 420-21).

## II.    <u>Remand of This Matter for Calculation and Payment of Benefits is Appropriate</u>

Plaintiff asks the Court to remand this matter to the Commissioner, arguing: (1) the ALJ improperly rejected the opinion offered by physician assistant Gary C. Wysocki; (2) the ALJ failed to reconcile favorable limitations assessed by the consultative examiner, Russell Lee, M.D., despite giving his opinion great weight; (3) the ALJ improperly relied on obsolete jobs to support the step five finding; and (4) the proper remedy is remand, solely for the calculation and payment of benefits.  (Dkt. 12-1 at 1, 22-29).

In response, the Commissioner agrees that remand is appropriate—but only remand for further administrative proceedings, and not the calculation and payment of benefits.  (*See* Dkt. 15-1 at 2).  The Commissioner identifies the opinions offered by PA Wysocki and Dr. Lee as requiring further evaluation by the ALJ, since their opinions are more restrictive than the ALJ's RFC assessment.  (*Id*. at 6-7).  The Commissioner notes that remand for further proceedings is particularly appropriate where further findings or explanation would clarify the rationale for the ALJ's decision.  (*Id*. at 7).

In reply, Plaintiff contends that remand solely for the calculation and payment of benefits is required, including because (1) by the ALJ's own reasoning, Dr. Lee's opinion was supported by the evidence of record, and the opinion supports that Plaintiff was unable

to perform the sitting required for sedentary work, and (2) the jobs the ALJ identified at step five are obsolete.  (Dkt. 16 at 2-4).  Given that the parties agree that remand is appropriate, the Court considers the appropriate remedy: remand for further proceedings, or remand for the calculation and payment of benefits.

"Under 42 U.S.C. § 405(g), the district court has the power to affirm, modify, or reverse the ALJ's decision with or without remanding for a rehearing." *Peach v. Berryhill*, No. 1:17-CV-00201-MAT, 2018 WL 4140613, at *4 (W.D.N.Y. Aug. 30, 2018).  "The standard for directing a remand for calculation of benefits is met where the record persuasively demonstrates the claimant's disability, and there is no reason to conclude that the additional evidence might support the Commissioner's claim that the claimant is not disabled." *Destefano v. Berryhill*, No. 6:17-cv-06651(MAT), 2018 WL 5489574, at *5 (W.D.N.Y. Oct. 29, 2018) (internal citations omitted).  Where there is conflicting evidence of record regarding a plaintiff's RFC, "further administrative proceedings are necessary." *Kress v. Barnhart*, 297 F. Supp. 2d 623, 624 (W.D.N.Y. 2004); *see also Torres v. Colvin*, No. 3:16-cv-00809(JAM), 2017 WL 1734020, at *3 (D. Conn. May 3, 2017) ("Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, a remand for further development of the evidence is appropriate.  But where the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose, the Court may reverse and remand solely for calculation and payment of benefits." (quotations and citation omitted)).

"Further, where a claim has previously been remanded and the Commissioner has been afforded multiple opportunities to carry his burden, remand for calculation and

payment of benefits may be appropriate." *Steven C. v. Comm'r of Soc. Sec.*, 592 F. Supp. 3d 132, 141 (W.D.N.Y. 2022); *see also Peter W. v. O'Malley*, No. 3:23-cv-00706 (JAM), 2024 WL 4343616, at *9-10 (D. Conn. Sept. 30, 2024) (where the plaintiff's claim was pending for over eight years, and the Commissioner twice requested remand for repeated legal errors, concluding that there was no purpose "to afford the Commissioner a third opportunity to apply the correct legal standard and carry his burden"); *Torres*, 2017 WL 1734020, at *4 ("Plaintiff's claim has been pending for more than seven years and was already remanded by the District Court once before.  I am not persuaded that the Commissioner deserves a third opportunity to carry her burden.").

The Court turns first to the parties' arguments with respect to the opinion offered by Dr. Lee, whose opinion the Commissioner acknowledges warrants further consideration by the ALJ.  (*See* Dkt. 12-1 at 6-7).  Dr. Lee conducted an internal medicine examination with a physical March 11, 2023.  (Dkt. 9 at 482-94).  Dr. Lee observed that Plaintiff used a cane, which was medically necessary.  (*Id.* at 484).  Plaintiff could not walk on his heels and toes, and he was not able to squat.  (*Id.*).  A musculoskeletal examination revealed a reduced range of motion and tenderness in his back.  (*Id.* at 485).  Dr. Lee opined that Plaintiff had a moderate limitation for activities involving prolonged sitting, prolonged standing, bending, lifting, and carrying heavy objects.  Dr. Lee further found that Plaintiff should avoid smoke, dust, and known respiratory irritants.  (*Id.* at 485-86).  Dr. Lee further quantified that Plaintiff could continuously lift and carry up to ten pounds, but never lift or carry eleven pounds or more.  (*Id.* at 487).  He could sit for 45 minutes at one time; stand for ten minutes at one time; and walk for 20 minutes at one time.  (*Id.* at 488).  Plaintiff

could sit for five hours total; stand for one hour total; and walk for two hours total in an eight-hour workday. (*Id*.). Plaintiff could never climb ladders, stoop, kneel, crouch, or crawl, and he could occasionally climb stairs and ramps and balance. (*Id*. at 490). He could never be exposed to dust, odors, fumes, or pulmonary irritants, extreme heat, or extreme cold. (*Id*. at 491). Plaintiff could occasionally be exposed to humidity and wetness. (*Id*.). The ALJ discussed Dr. Lee's opinion in the written determination and gave it "great weight" because it was "supported by the evidence of record." (Dkt. 6 at 418). The ALJ did not except any portions of the opinion or otherwise indicate that he was affording any portions of the opinion anything less than great weight.

As explained above, remand for the calculation and payment of benefits is appropriate where there is conflicting evidence and further development of the record is necessary. The Commissioner maintains that remand of this case would be appropriate so that the ALJ may further assess the medical opinion evidence and offer a further explanation for his assessment of that evidence. However, the Commissioner neglects to specify what precisely about the medical opinions or the ALJ's assessment of them requires further clarification. (*See* Dkt. 12-1 at 7). And with respect to Dr. Lee's opinion, the ALJ adequately discussed that opinion in the written determination and explained that he was affording it great weight. Accordingly, it is not clear to the Court why remand of this matter for further explanation from the ALJ is required or would add anything to the record.

If the Court credited Dr. Lee's opinion of Plaintiff's physical functional limitations—including the limitation for sitting for a total of five hours—Plaintiff would not be capable of performing sedentary work. *See*, *e.g.*, *Kevin M. v. Kijakazi*, No. 20-CV-

6802L, 2022 WL 2704527, at *2 (W.D.N.Y. July 12, 2022) (discussing that sedentary work requires a total of six hours of sitting); *see also* SSR 96-9p, 1996 WL 374185, at *3 (sedentary work requires sitting for six hours per day, as well as occasional walking and standing, with "occasionally" defined as up to two hours in an eight-hour workday).  Given the evidence supporting that Plaintiff is unable to perform sedentary work, the already highly-restrictive RFC that has been assessed, and combined with the lack of explanation from the Commissioner as to what additional information or explanation may be gleaned from remand for further administrative proceedings, the Court finds that the record persuasively demonstrates disability, and there is no reason to conclude that the additional evidence might support the Commissioner's conclusion that Plaintiff is not disabled.

Further, even if the Court found that the ALJ's error in the assessment of Dr. Lee's opinion did not warrant remand for calculation and payment of benefits, the Court would reach the same conclusion due to the ALJ's failure to carry his burden at step five of the sequential analysis.  In his moving papers, Plaintiff contends that the ALJ failed to carry the Commissioner's burden at step five because he relied on obsolete jobs in concluding that Plaintiff could perform jobs within the limited sedentary RFC.  (Dkt. 12-1 at 22-27). In response, the Commissioner does not meaningfully address this argument.  Rather, the Commissioner contends that on remand, re-evaluation of the severity of Plaintiff's physical impairments may result in a different RFC and require reconsideration of whether work

exists in significant numbers in the national economy that Plaintiff could perform, and also that the VE testified that the jobs at issue were "example titles." (Dkt. 15-1 at 7-8).

As explained above, at step five, the burden shifts to the Commissioner, who must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa*, 168 F.3d at 77 (quotation and citation omitted); *see also McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (explaining that while the plaintiff has the burden at steps one through four of the sequential analysis, at step five the burden shifts to the Commissioner, who must "show there is other work that [the claimant] can perform" (citation omitted)). Here, the ALJ found that Plaintiff could perform three jobs at step five, including the occupations of document preparer, addresser, and surveillance system monitor. (Dkt. 6 at 420). For the reasons explained below, the Court concludes that none of these positions supports the ALJ's step five conclusion.

Plaintiff maintains that the jobs of document preparer and addresser are "woefully obsolete." (*See* Dkt. 12-1 at 23-25 (collecting cases)); *see also Bobby R. v. Comm'r of Soc. Sec.*, No. 5:23-CV-00590 (MAD/ML), 2024 WL 3735876, at *9 (N.D.N.Y. July 8, 2024) (recognizing that numerous courts have found the positions of "addresser" and "document preparer" to be obsolete, and therefore they cannot constitute substantial evidence of jobs existing in the national economy that the plaintiff could perform), *adopted*, 2024 WL 3715757 (N.D.N.Y. Aug. 8, 2024); *Geron S. v. Comm'r of Soc. Sec.*, No. 23-CV-6191-

LJV, 2024 WL 1932064, at *4 (W.D.N.Y. May 2, 2024) (concluding that the position of document preparer is obsolete and therefore fails to support the ALJ's step five finding).

As to the surveillance system monitor job that was identified by the VE, Plaintiff maintains that the VE testified that there were only 2,800 of these jobs in the national economy (Dkt. 12-1 at 26; *see also* Dkt. 6 at 461)—which is not a "significant" number of jobs. *See, e.g., Lance P. v. Comm'r of Soc. Sec.*, No. 21-CV-06123-FPG, 2023 WL 2573321, at *5 (W.D.N.Y. Mar. 20, 2023) ("Courts in this district have generally determined that at least 9,000 jobs amount to a significant number that is sufficient to satisfy the regulatory requirement.") (collecting cases); *Peach*, 2018 WL 4140613, at *3 (explaining that while the term "significant number" is not statutorily defined, "a number of courts in this Circuit have indicated that numbers similar to the DOT numbers provided by the VE . . . (a total of 34 positions locally and 8,991 positions nationally, with the most widely available specific job cited having only 6,672 jobs available in the national economy) would not qualify as 'significant'").

The Commissioner does not dispute that the jobs of document preparer or addresser are obsolete, nor does he dispute that the surveillance system monitor position does not have a significant number of jobs available in the national economy. Rather, as explained above, the Commissioner argues that the ALJ would revisit the step five finding on remand since Plaintiff's RFC may change. The problem with the Commissioner's argument is that, despite that the case was remanded following the March 2019 determination, the subsequent May 2023 written determination assessed the same RFC. (*Compare* Dkt. 6 at 475 (RFC assessed in March 2019 determination), *with id*. at 413 (RFC assessed in May

2023 determination)).  Further, both the March 2019 and the May 2023 written determinations identified "document preparer" and "addresser" as occupations that Plaintiff could perform.[2]  (*Compare* Dkt. 6 at 483, *with id*. at 420).  In other words, the Court does not have any confidence that the ALJ's RFC or the jobs identified would change upon remand, or that the third written determination would warrant any different result.

In *Peach*, after the case had already been remanded on one occasion, the court found that the ALJ's failure to support the step five finding with substantial evidence warranted remand for calculation and payment of benefits:

> For the reasons set forth above, the Court finds that the ALJ in this case failed to support her step five finding with substantial evidence.  The Court further finds that remand of this matter solely for calculation and payment of benefits is warranted.  *Torres v. Colvin*, No. 3:16-CV-00809(JAM), 2017 WL 1734020 (D. Conn. May 3, 2017) is instructive in this regard.  In that case, as here, the court found that the Commissioner had not carried her burden at step five, because the VE's testimony did not establish that there were a significant number of jobs in the national economy which the plaintiff was capable of performing.  The *Torres* court noted that "[t]he Second Circuit has consistently emphasized the importance of the Commissioner's burden to support her step-five determination with substantial evidence, and has held that a reversal with a remand only to calculate damages is warranted when the ALJ has failed to meet that burden."  Moreover, and as in this case, the plaintiff's claim in *Torres* had "already [been] remanded by the District Court once before" and the court was accordingly "not persuaded that the Commissioner deserved a third opportunity to carry her burden."  The Court

---

[2]     The third job identified by the VE in the March 2019 written determination was an "ampoule sealer," with 1,125 jobs in the national economy (*see* Dkt. 6 at 483)—and therefore that job suffers from the same issue as the surveillance system monitor position.

finds the analysis in *Torres* persuasive, and accordingly finds that remand solely for the calculation and payment of benefits is warranted in this case.

2018 WL 4140613, at *5.

Similarly, in *Daryl A. o/b/o Daryl A. v. Comm'r of Soc. Sec.*, No. 1:21-cv-493-DB, 2023 WL 8623440, at *4-5 (W.D.N.Y. Dec. 13, 2023), the court remanded the matter for calculation and payment of benefits after concluding that the ALJ's step five finding was not supported by substantial evidence, since the jobs identified did not exist in significant numbers in the national economy:

> As noted above, this claim was initially filed in November 2013 and has a lengthy procedural history. This Court previously remanded the case for a second hearing due to harmful errors. Daryl Sr. testified extensively at two administrative hearings prior to his death, and a VE was present and questioned at both hearings. Medical expert testimony was also elicited at the second hearing. The Commissioner argues the VE testimony was "ambiguous" and remand is necessary to elicit yet a third VE's testimony. However, as already explained, there was no ambiguity in the VE's very detailed explanations to the ALJ's extensive questioning, and the Court finds that remand would not provide any additional vocational evidence that is not already available in the record.

*Id.* at *5; *see also Torres*, 2017 WL 1734020, at *3-4 (remanding for calculation and payment of benefits, where the plaintiff's claim had been pending for more than seven years, was remanded by the district court once before, and the ALJ failed to carry her burden at step five since the job identified by the VE did not exist in significant numbers in the national economy).

Finally, fairness counsels in favor of remanding this matter for the calculation and payment of benefits, and the Court will not afford the Commissioner a third opportunity to carry his burden. While recognizing that delay alone is insufficient to remand for benefits, the Court notes that Plaintiff filed his claim in February 2017 (*see* Dkt. 5 at 149), and

- 15 -

therefore it has been pending for over eight years. Since that time, Plaintiff has undergone three lumbar fusions, a calcaneus exostectomy and repair of the Achilles tendon, a foot surgery, two cervical surgeries, and carpal tunnel surgery (*see* Dkt. 6 at 414-16), amounting to at least eight surgical procedures.

Plaintiff's case was already remanded once for further development of the record. Specifically, in the Decision and Order issued on September 27, 2021 by Judge Roemer, the case was remanded because the Commissioner had relied on stale opinion evidence. (*Id*. at 506-10). The Appeals Council thereafter issued an order dated February 2, 2022, stating that "the [ALJ] will offer [Plaintiff] the opportunity for a hearing, address the additional evidence submitted, take any further action needed to complete the administrative record, and issue a new decision." (*Id*. at 513). Despite the ALJ's initial error in assessing opinion evidence, and despite being afforded an additional opportunity to carry his burden, the ALJ made another error in his assessment of the opinion evidence in the subsequent decision.

As explained above, the Commissioner has identified no reason why the record would benefit from further development, or that further development of the record would have any different result. *See, e.g., Peter W.*, 2024 WL 4343616, at *9 (explaining that the Commissioner "is not entitled to adjudicate a case *ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion" (citation omitted)). The record before the Court—which spans over 3,330 pages in length, is already comprehensive, and there is no reason to believe that the record would benefit from any further development. Both the March 2019 and May 2023 written determinations assessed

a highly specific RFC, and both written determinations also suffered from the same issues with obsolete or insufficient jobs in the national economy. *See Bobby R.*, 2024 WL 3735876, at *10 (explaining that while remand for calculation and payment of benefits is "generally disfavored," "[t]he highly restrictive RFC determination and low number of jobs that have been identified despite multiple hearings provide persuasive proof of disability and show that further development of the record would not serve any useful purpose").

In sum, the Court finds that the record persuasively demonstrates disability, and there is no reason to conclude that the additional evidence would support a finding that Plaintiff is not disabled. Remand for calculation and payment of benefits is warranted.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 12) is granted and the matter is remanded solely for the calculation and payment of benefits, and the Commissioner's motion to remand for further administrative proceedings (Dkt. 15) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: March 27, 2025
       Rochester, New York